**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MONROE L. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-261-JMS-MJD |
| | ) | |
| HELEN MARBERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Selected Matters**

**I.**

As used in this Entry, the term "Terre Haute defendants" refers to the following:

(1) Helen J. Marberry, Warden;
(2) Andrea McPherson, Case Manager;
(3) Robert Erwin, Counselor;
(4) Debbie Burton, Counselor;
(5) Kelly Westinghouse, Psychologist;
(6) "Swift," Case Manager;
(7) Hector Joyner, Captain;
(8) Hattie Sims, former Executive Assistant to Warden Marberry;
(9) Dennis Gaymon; and
(10) Andrew Ndfie, Assistant Health Services Administrator

**II.**

The transferor court dismissed all claims except those against the Terre Haute defendants and then transferred the claims against the Terre Haute defendants to this District. The clerk shall **terminate on the docket** the remaining defendants (meaning the defendants other than the Terre Haute defendants). These are the defendants identified in the Judgment entry of September 30, 2011.

**III.**

The plaintiff shall have **through December 8, 2011**, in which to file a **third amended complaint**, wherein only claims against the Terre Haute defendants shall be asserted.

The third amended complaint shall conform to the following guidelines:

> !       The third amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";
>
> !       The third amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and
>
> !       The third amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

To be legally sufficient, the third amended complaint must "allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

## IV.

If a third amended complaint is filed as directed above, the court will screen it as required by 28 U.S.C. ' 1915A.

**IT IS SO ORDERED.**


Date:   ___11/23/2011_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MONROE L. COLEMAN
01723-016
U.S. PENITENTIARY McCREARY
Inmate Mail/Parcels
P.O. Box 3000
Pine Knot, KY 42635