**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MONROE L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 2:11-cv-00261-JMS-MJD |
| | ) |
| HELEN J. MARBERRY, | ) |
| ANDREA MCPHERSON, | ) |
| *et al.* | ) |
| Defendants. | ) |

**Entry and Order Dismissing Action**

**I.**

The motion for clarification [53] is **granted.** The Entry of September 10, 2012, severed the medical care claims asserted against Ms. Ndfie. All other claims understood to be alleged in the fourth amended complaint are discussed below.

**II.**

The filing of October 2, 2012, [54] seeking dismissal of No. 2:12-cv-273-WTL-WGH is not appropriate for resolution in this action and is therefore **denied**.

**III.**

The fourth amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)).

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Coleman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94.

Coleman is currently a federal prisoner in Pine Knot, Kentucky. The claims alleged in the fourth amended complaint arose out of the circumstances of his incarceration at the United States Penitentiary in Terre Haute, Indiana. Coleman alleges that defendants Marberry, McPherson, Erwin, Burton, Westinghouse, Swift, Joyner, Sims, Gaymon, Ndife, and Freeman conspired to retaliate against him for filing "numerous grievances against those USP Terre Haute defendants." Dkt. 48 at p. 3. The alleged retaliation included the following: racial profiling and discriminatory practices; denial of medical care and treatment; harassment; denial of equal protection; confiscation of personal property; issuance of a false disciplinary reports and subsequent disciplinary hearings without due process; denial of a transfer request; and denial of a public safety waiver and termination from the challenge program. Coleman seeks injunctive relief requiring the "defendants treat him accordingly to those civil and constitutional rights afforded each and every inmate, and for prison officials to respect those granted privileges established by prison policy." Dkt. 48 at p. 11.

The fourth amended complaint contains nothing more than general allegations that a wide range of prison officials in various departments conspired to retaliate against him in a variety of ways for complaining about various prison employees. The premise of the fourth amended complaint--"that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading." *Santiago v. Anderson*, 2012 WL 3164293, \*3 (7th Cir. 2012) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)). The Seventh Circuit has instructed that such claims should be "dismissed at the outset in its entirety." *Id.; see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (before subjecting defendants to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy," the plaintiff must meet a "high standard of plausibility"). Coleman's fourth amendment complaint consists of nothing more than naked assertions of a conspiracy devoid of

further factual enhancement and must be dismissed for failing to meet the requirements of Rule 8. *See Iqbal,* 129 S. Ct. at 1949; *Bell Atl. Corp.,* 550 U.S. at 557.

In addition, the request for injunctive relief is moot because he is no longer incarcerated at the Terre Haute facility or in this District. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: \_\_10/05/2012_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Monroe L. Coleman
McCreary - U.S.P
Inmate Mail/Parcels
P.O. Box 3000
Pine Knot, KY 42635